## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CYNTHIA ALLEN,

        Plaintiffs,

v.

AT&T MOBILITY SERVICES LLC a/k/a
AT&T MOBILITY LLC,

        Defendants.

Civil No. 1:18-cv-3730-WMR

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

The parties filed their Joint Preliminary Report and Discovery Plan with this Court on March 21, 2019. The proposed schedule was not entered at that time. The parties are making progress on discovery but propose to revise the originally proposed Discovery Plan. A revised Discovery Plan is reflected in Section 10 of this Amended Joint Preliminary Report and Discovery Plan.

**1.    Description of Case:**

    **a.    Describe briefly the nature of this action.**

Named Plaintiff Cynthia Allen brings this matter on behalf of herself and others similarly situated and alleges that AT&T Mobility Services LLC ("AT&T Mobility") has discriminated and continues to discriminate on the basis of pregnancy

through its Sales Attendance Guidance ("SAG") policy, which is described in greater detail in Section 1.b below.  Plaintiff has filed a putative class action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e *et seq.*  Plaintiff also brings individual claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

Plaintiff will seek class certification of her Title VII claims on behalf of female non-managerial store employees affected by pregnancy, childbirth or related medical conditions and covered by AT&T Mobility's SAG policy.  She seeks declaratory and injunctive relief, other equitable relief, damages, liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

AT&T Mobility asserts that it has fully complied with the FMLA and ADA with respect to Plaintiff, and has fully complied with Title VII, as amended by the PDA, with respect to Plaintiff and any members of the putative class, the existence of which AT&T Mobility denies. Even if AT&T Mobility violated Title VII with respect to Plaintiff – which it denies – AT&T Mobility asserts that Plaintiff cannot meet the standard for class certification. Thus, AT&T Mobility asserts that Plaintiff

is not entitled to any damages or other relief, and that no putative class should be certified in this action.

**b.      Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Ms. Allen and the putative class members she seeks to represent have previously worked or currently work in non-exempt, non-managerial positions in AT&T Mobility's retail stores and are subject to AT&T's SAG policy.  That policy provides that covered employees accrue a "point" or a fraction thereof for their absences, late arrivals or early departures that are "unexcused."  Once an employee's point total exceeds a certain threshold, the employee may be subject to discipline up to and including termination.  AT&T Mobility's SAG policy excuses absences, late arrivals and early departures in thirteen specified situations, including "Approved Leave of Absence," "Approved Job Accommodations," and "Federal / State / Municipal mandated Leaves (i.e., FMLA, ADAAA, etc.)."  The list of thirteen categories of absences which are not considered unexcused for the purposes of the AT&T Mobility SAG does not include "pregnancy" or "childbirth" or "related medical conditions." The SAG policy has been and continues to be administered exclusively by AT&T Mobility and its Centralized Attendance Group.

Pursuant to the SAG policy, AT&T Mobility assigned points to Ms. Allen for absences, late arrivals and early departures that she alleges were required for her pregnancy, childbirth and related medical issues, but that AT&T designated as unexcused, and Ms. Allen now alleges that the unexcused absences constituted violations of the PDA.  AT&T contends that it did not assign points to Ms. Allen, or other individuals, for absences, late arrivals, and early departures that it deemed excused.

Ms. Allen's accrual of points for absences designated as unexcused by AT&T Mobility led eventually to the company terminating her for violations of the SAG policy.  Consequently, Ms. Allen has brought a putative class-wide claim alleging that AT&T's SAG policy discriminates against workers who had absences from work designated as unexcused arising from pregnancy, childbirth, and related medical conditions.  Ms. Allen has also brought individual claims for alleged interference with and retaliation for exercising her right to obtain intermittent leave under the FMLA and for alleged failure to provide reasonable accommodations under the ADA.

  **c.**  **The legal issues to be tried are as follows**:

i.   Whether AT&T's SAG policy and/or its implementation have a disparate impact on women dealing with pregnancy, childbirth, or related medical conditions, in violation of the PDA;

ii.  Whether AT&T's SAG policy and/or its implementation were and are justified by business necessity;

iii. Whether there exist(ed) less discriminatory alternatives that could equally serve any business necessity promoted by the SAG policy and/or AT&T's attendance practices;

iv.  Whether the SAG policy and/or its implementation has subjected and continues to subject women affected by pregnancy, childbirth, or related medical conditions to unlawful disparate treatment in violation of the PDA;

v.   Whether AT&T's SAG policy and/or its conduct relating to that policy was and is malicious or in reckless indifference to Plaintiff's and the putative class members' legal rights;

vi.  Whether a class may be certified;

vii. Whether AT&T violated the FMLA by interfering with Plaintiff's exercise of FMLA rights and retaliating against her for seeking to

exercise those rights in seeking excused absences for pregnancy, childbirth, or related medical conditions;

viii. Whether AT&T violated the ADA for failing to accommodate Plaintiff in her request for excused absences for pregnancy, childbirth, or related medical conditions;

ix. Whether AT&T's affirmative defenses, set forth below and in its Answer, have merit:

1. Whether Plaintiff's damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages;

2. Whether Plaintiff's claims for punitive damages are barred because AT&T engaged in good faith efforts to comply with the law;

3. Whether Plaintiff's claims are barred in whole or in part because AT&T had an honest, good-faith belief that all decisions with respect to Plaintiff were made solely for legitimate, business-related reasons and were reasonably based upon the facts as AT&T understood them;

4. Whether Plaintiff's claims must fail because even if she is able to prove that a prohibited factor motivated AT&T's alleged employment actions, the same action would have been taken even absent such motivation;

5. Whether Plaintiff's claims are barred, in whole or in part, because AT&T exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by AT&T or to avoid harm otherwise;

6. Whether Plaintiff's Title VII and ADA claims are barred to the extent that she failed to exhaust administrative remedies for each of the adverse actions asserted;

7. Whether Plaintiff's ADA claim is barred because any accommodation she requested was unreasonable and would have constituted an undue hardship;

8. Whether Plaintiff's ADA claim is barred to the extent that she failed to control a controllable disability;

9.  Whether Plaintiff's ADA claim is barred because she did not engage in the interactive process;

10. Whether Plaintiff's FMLA claim is barred to the extent that she failed to provide proper notice and documentation as required by the FMLA;

11. Whether Plaintiff's claims and/or those of any purportedly "similarly situated" individuals or "class" members are barred, in whole or in part, by the applicable statutes of limitations;

**d.    The cases listed below (include both style and action number) are:**

i.    **Pending Related Cases:**  *Katia Hills v. AT&T Mobility Services, Inc.*, No. 3:17cv556-JD (N.D. Ind. filed July 14, 2017). (individual claim challenging same policy at issue in this litigation may provide opportunity for efficiencies through some coordinated discovery).

ii.   **Previously Adjudicated Related Cases:**  None.

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

___x __ (1) Potentially unusually large number of parties
(**putative class action**)

8

_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
__x__ (4) Greater than normal volume of evidence
__x__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
__x__ (7) Pending parallel investigations or action by government
__x__ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored
         information

3.    **Counsel**: The following individually-named attorneys are hereby designated

as lead counsel for the parties:

Plaintiff:

Kalpana Kotagal
Joseph M. Sellers
Cohen Milstein Sellers & Toll PLLC;

Gillian L. Thomas
American Civil Liberties Union Foundation

Defendant:

Kenneth W. Gage
Alex J. Maturi
Brian M. Hayes
Paul Hastings LLP

4.    **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes   _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.    **Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None known at this time.

**(b) The following persons are improperly joined as parties:**

None known at this time.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Defendant asserts that AT&T Mobility Services LLC does not do business as AT&T Mobility LLC, which is itself a separate entity.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

Acknowledged.

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ .P. 15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

In light of at least one additional charge of pregnancy-related discrimination before the Equal Employment Opportunity Commission alleging pregnancy discrimination by AT&T Mobility arising from SAG policy also challenged by Plaintiff in this litigation, Plaintiff anticipates that she may seek to amend her complaint to add additional named plaintiffs.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

Plaintiff requests that this court grant Plaintiff leave to amend the complaint to add named plaintiffs on or before **June 14, 2019**. *See infra* #10, Proposed Schedule.  This period will permit the two women who have filed charges with the Equal Employment Opportunity Commission ("EEOC"), copies of which have been served on AT&T Mobility's counsel, to complete the administrative exhaustion process.

**7.      Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties request that they be permitted to file motions in limine beyond thirty (30) days after the start of discovery.  The parties also request that the deadline for Plaintiff's motion for class certification, Defendant's opposition thereto, and

Plaintiff's reply be set in accordance with the parties proposed schedule, *see infra* #10, which contemplates that Plaintiff's motion would be filed **January 17, 2020**. In doing so, the parties request relief from LR 23.1(B), which would otherwise have required Plaintiff to file her motion for class certification on April 22, 2019.

8.     **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The parties have no objections to exchanging initial disclosures.

9.     **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Neither party requests a scheduling conference with the Court.

10.     **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

1. The development of AT&T Mobility's SAG policy;

2. The implementation of AT&T Mobility's SAG policy;

3. Any non-privileged analysis undertaken by or information collected by AT&T Mobility regarding the impact of the SAG policy;

4. AT&T Mobility's human resources, personnel and attendance databases, including records of points imposed and conditions under which points were imposed;

5. Expert analysis of the impact the SAG policy had on women experiencing pregnancy, childbirth, and related medical conditions while working in covered positions, as compared to the SAG policy's effect on non-pregnant persons;

6. Whether one or more of the defenses asserted by AT&T Mobility bar in whole or in part Plaintiff's recovery;

7. Plaintiff's allegations of violations of Title VII, the FMLA and ADA and Defendant's affirmative defenses;

8. Plaintiff's expected motion for class certification of her Title VII claims.

9. Damages and mitigation.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

In light of the complexities identified above, the parties request a discovery period of six (6) months for non-expert fact discovery before undertaking class certification briefing and expert discovery.  In doing so, the parties request relief from the discovery track prescribed by the court and propose the discovery and class-certification briefing schedule set forth below.  The parties do not propose a formal bifurcation of these proceedings and have agreed that they will confer as to what additional discovery by both parties is needed following class certification.

| Event | Deadline/Date |
|---|---|
| File Joint Preliminary Statement & Discovery Plan | On or before March 21, 2019 |
| File Stipulated Proposed Protective Order | April 1, 2019 |
| File Stipulated Proposed ESI Protocol | April 1, 2019 |
| Fact discovery commences:  Depositions shall proceed concurrently with no party having priority. | March 21, 2019 |
| Parties meet and confer regarding structured databases, custodians, search terms, and a production protocol | To begin within 14 days of delivery of service of RFPs |

| | |
|---|---|
| Substantial completion of production of structured databases (HR, attendance, etc.) | July 16, 2019 |
| Rolling production of documents in response to requests for production shall begin | May 20, 2019, but no sooner than required by the Federal Rules of Civil Procedure. |
| Add any additional parties and/or amend pleadings | June 14, 2019 |
| Privilege logs shall be provided on a rolling basis | Beginning June 24, 2019 |
| Substantial completion of document discovery | September 27, 2019 |
| All privilege logs associated with documents produced by substantial completion deadline shall be produced | No later than October 16, 2019 |
| Fact discovery ends | November 29, 2019 |
| Plaintiff's motion for class certification & disclosure of experts and opinions on which she relies in her motion | January 17, 2020 |
| Completion of deposition of Plaintiff's expert(s) | No later than February 18, 2020 |
| Defendant's response to class certification motion & disclosure of experts and opinions on which it relies in its response | March 30, 2020 |
| Completion of deposition of Defendant's expert(s) | No later than April 29, 2020 |
| Plaintiff's reply in support of class certification & disclosure of experts and opinions on which she relies in her reply | May 29, 2020 |
| Parties meet and confer to develop proposed scheduling order and discovery plan for the remainder of the proceedings | Within 10 days of the court's ruling on Plaintiff's motion for class certification |

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

1.   Maximum of 25 interrogatories by each party to any other party, absent leave to serve additional interrogatories consistent with Fed. R. Civ. P. 26(b)(1) and (2).

2.   No maximum number of requests for admission by each party to any other party.

3.   Maximum of 10 depositions by Plaintiff and 10 by Defendant (prior to a ruling on class certification, after which the parties will address whether additional depositions may be taken).

4.   Depositions taken pursuant to Fed. R. Civ. P. 36 count as a single deposition.

5.   Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

6.   The parties request that this court convene a status conference every two months during discovery.  The parties may, by agreement, cancel any schedule status conference if they believe it is not necessary.

(b) Is any party seeking discovery of electronically stored information?

  X    Yes                   _____  No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of

production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

> Since their initial Joint Discovery Filing, the parties have filed their Stipulation Regarding Discovery of Electronically Stored Information and Production of Documents with the court. *See* Dkt. 39 (Apr. 5, 2019).

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> Since their initial Joint Discovery filing, the parties have filed their Stipulation Regarding Discovery of Electronically Stored Information and Production of Documents with the court. *See* Dkt. 39 (Apr. 5, 2019).

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Since their initial Joint Discovery filing, the parties have filed their Stipulated Protective Order and Fed. R. Civ. P. 502(d) and (e) Clawback Agreement/Order with the court.  *See* Dkt. 38 (Apr. 2, 2019).

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **March 6, 2019**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  */s/ Kalpana Kotagal*

For defendant: Lead counsel (signature): */s/ Kenneth W. Gage*

Other participants: Alex Maturi

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.
( **x** ) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c) Counsel (_____) do or ( **X** ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is December 13, 2019.

(d) The following specific problems have created a hindrance to settlement of this case.

The parties remain willing to engage in settlement discussions at an appropriate time.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 17th day of May, 2019.

| | |
|---|---|
| */s/ Kalpana Kotagal* | */s/ Kenneth W. Gage* |
| Joseph M. Sellers (*pro hac vice*) | Kenneth W. Gage (*pro hac vice*) |
| Kalpana Kotagal (*pro hac vice*) | Brian M. Hayes (*pro hac vice*) |
| Cohen Milstein Sellers & Toll PLLC | Paul Hastings LLP |
| 1100 New York Avenue, Suite 500 | 200 Park Avenue, 30th Floor |
| Washington, D.C. 20005 | New York, New York 10166 |
| Tel: (202) 408-4600 | Tel: (212) 318-6000 |
| jsellers@cohenmilstein.com | kennethgage@paulhastings.com |
| kkotagal@cohenmilstein.com | brianhayes@paulhastings.com |

Gillian L. Thomas (*pro hac vice*)
American Civil Liberties Union
Foundation
125 Broad Street
18th Floor
New York, New York 10004
Tel: (212) 549-2500
gthomas@aclu.org
llapidus@aclu.org

Sean Young
American Civil Liberties Union
Foundation of Georgia, Inc.
P.O. Box 77208
1100 Spring Street, N.W.
Suite 640
Atlanta, Georgia 30357
Tel: (678) 981-5295
syoung@acluga.org

*Counsel for Plaintiff*

Alex J. Maturi (*pro hac vice*)
Paul Hastings LLP
71 S. Wacker Drive, Suite 4500
Chicago, Illinois 60606
Tel: (312) 499-6000
alexmaturi@paulhastings.com

Sheldon W. Snipe
AVP Senior Legal Counsel
AT&T Services, Inc.
675 West Peachtree Street, NW
Suite 4300
Atlanta, Georgia 30308
Tel: (404) 893-7953
ss5526@att.com

*Counsel for AT&T Mobility Services
LLC*

* * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of May, 2019.

_____
The Honorable William M. Ray, II,
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C.**

I hereby certify, pursuant to LR 5.1 of the Northern District of Georgia, that the *Joint Preliminary Report and Discovery Plan* complies with the font and point selections approved by the Court in LR 5.1.C.  The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

 /s/ *Kenneth W. Gage*
Kenneth W. Gage (*pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I electronically filed the *Amended Joint Preliminary Report and Discovery Plan* with the Clerk of the Court using the ECF, who in turn sent notice to the following:

Joseph M. Sellers (*pro hac vice*)
Kalpana Kotagal (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
jsellers@cohenmilstein.com
kkotagal@cohenmilstein.com

Sean Young
American Civil Liberties Union
Foundation of Georgia, Inc.
P.O. Box 77208
1100 Spring Street, N.W.
Suite 640
Atlanta, Georgia 30357
Tel: (678) 981-5295
syoung@acluga.org

Gillian L. Thomas (*pro hac vice*)

American Civil Liberties Union
Foundation
125 Broad Street
18th Floor
New York, New York 10004
Tel: (212) 549-2500
gthomas@aclu.org
llapidus@aclu.org

*Counsel for Plaintiff*

Dated:   May 17, 2019

*/s/ Kenneth W. Gage*
Kenneth W. Gage