UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ALLEN and KRISTINE WEBB,<br><br>Plaintiffs,<br><br>AMANDA CURLEE,<br><br>Proposed Intervenor-Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC a/k/a/ AT&T MOBILITY LLC,<br><br>Defendant. | Civil No. 1:18-cv-3730-WMR |

### MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE

AT&T Mobility Services LLC ("AT&T") hereby submits this Memorandum in Opposition to the January 23, 2023 Motion for Leave to Intervene ("Motion to Intervene") filed by proposed intervenor-plaintiff, Amanda Curlee ("Curlee"). For the reasons set forth below, this Court should deny Curlee's motion to intervene.

Curlee asks this Court to permit her to step into the place of Cynthia Allen and Kristine Webb ("Plaintiffs") for purposes of appealing the decision to deny class certification. She seeks to pursue claims for damages and injunctive relief, among other things, for events occurring more than five years ago, under a policy that has

since been revised as explained herein. Curlee's proposed claims are no less individualized than Plaintiffs' now-dismissed claims, and Curlee cannot pursue a claim for injunctive relief on behalf of a putative class.

Plaintiffs *and Curlee* had pregnancy-related absences excused by AT&T during their employment. No surprise. Nearly all of the workers identified in discovery as having been pregnant benefited from multiple excuses available under the then-applicable Sales Attendance Guidelines ("SAG"), *for pregnancy-related absences*, as reflected in the expert analysis presented to this Court. (ECF 104-7 at ¶ 25, Figure 1.) Plaintiffs never disputed this conclusion.

Indeed, Plaintiffs' own expert concluded that pregnant workers were *not more likely* to have their employment terminated under the SAG. (ECF 99-2 at 4.) Curlee's employment was not terminated by AT&T either, according to her own proposed allegations. (ECF 163, Ex. 1 at ¶ 58.) She voluntarily resigned her position, and she did that after *successfully* following the procedure to obtain excuses for what she alleges were pregnancy-related absences. (*Id.* at ¶56.)

During the nearly four and a half years this case has been pending, Plaintiffs never identified any workers who were not pregnant, were similar in their inability to work, and were treated more favorably under the SAG. Nor does Curlee in her Proposed Complaint in Intervention. Plaintiffs' expert (whose conclusions are cited in Curlee's Proposed Complaint in Intervention) did not even attempt to do so

2

indirectly. She only analyzed the rate at which AT&T denied *one* of many SAG excuses used by pregnant employees and ignored all others and, therefore, did not even reach a conclusion as to whether *SAG excuses* were denied any more frequently for pregnant workers. (ECF 105 at 10-11.) In fact, the substantial amounts of data produced in discovery show that pregnant workers were treated *more favorably* than others on the two metrics analyzed by Plaintiffs' expert: FMLA requests and attendance discipline. (ECF 104-7 at §§ V. and VII.)

Like Plaintiffs now-dismissed claims, Curlee's claims present individualized issues, which this Court explained preclude class certification. The Court correctly held:

> Individual issues predominate in this case because the Court will be required to engage in numerous individualized inquires, including whether a class member was absent from work, whether the absence was caused by an inability to come to work, whether that inability was pregnancy related, whether the employee informed or attempted to inform AT&T of that inability, and whether the employee sought an excuse for the absence. … [T]he Court would have to inquire whether each class member was interested in a transfer or promotion, whether there were opportunities for transfer or promotion during the period of discipline, and/or whether the employee was qualified for a transfer or promotion as compared to other candidates. These individualized questions would predominate this dispute, such that they cannot be resolved with class-wide proof.

(ECF 134 at 25.) The same is true for Curlee.

Additionally, Curlee cannot pursue a claim for injunctive relief, for two reasons. First, her claims, like Plaintiffs' now-dismissed claims, accrued under an

3

attendance policy that has since been revised to address the principal concern raised by Plaintiffs. Second, she is a former employee and therefore cannot pursue a claim for injunctive relief.

A central allegation of Plaintiffs' Second Amended Complaint is that the SAG does not mention pregnancy as a condition that can justify an excuse. (ECF 50 at ¶¶ 6, 28.) Curlee's Proposed Complaint in Intervention repeats this allegation. (ECF 163, Ex. 1 at ¶¶ 25-26.) AT&T's current attendance policy, however, "Your24—Attendance for Retail Bargained Employees," specifically provides that if an employee has "a health condition that prevents [her] from reporting to work when scheduled (including, but not limited to, treatments or illness due to chronic health conditions, *pregnancy*, or bodily injury), you may qualify to have your absence excused under one or more of the above absence types." (AT&T's current policy, Your24—Attendance for Retail Bargained Employees is attached as Exhibit A.) This policy also provides that employees will not be penalized while awaiting approvals for protected time off. This issue is now moot. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("a case is moot when the issues presented are no longer live … jurisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that there is no reasonable expectation … that the alleged violation will recur, and (2) interim relief or events have completely

4

and irrevocably eradicated the effects of the alleged violation." (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).)

Additionally, as a former employee who's proposed Complaint in Intervention fails to show "a 'real or immediate threat that [she] will be wronged again' …," Curlee lacks standing to seek injunctive relief in any event. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (finding no standing to seek injunctive relief because "plaintiffs are all *former* employees … and allege neither that [she] will be discriminated against by [the employer] in the future nor any facts that would support such a conclusion.") Therefore, even if her claim were not untimely, at most Curlee could only pursue a claim for individual damages.

Therefore, AT&T respectfully requests that this Court deny Curlee's Motion to Intervene.

Dated:  February 9, 2023

Respectfully submitted,

By: /s/ Kenneth W. Gage
Kenneth W. Gage (*pro hac vice*)
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
kennethgage@paulhastings.com

Christine L. Cedar (*pro hac vice*)
Paul Hastings LLP
2050 M Street NW
Washington, DC 20036

5

Tel: (202) 551-1700
christinecedar@paulhastings.com

Sheldon W. Snipe
AVP Senior Legal Counsel
AT&T Services, Inc.
675 W. Peachtree Street, NW, Suite 4300
Atlanta, GA 30308
Tel: (404) 927-3516
ss5526@att.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically filed AT&T's Memorandum in Opposition to Motion to Intervene with the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record.

Dated:  February 9, 2023

Kenneth W. Gage (*pro hac vice*)

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ALLEN and KRISTINE WEBB,<br><br>      Plaintiffs,<br><br>AMANDA CURLEE,<br><br>      Proposed Intervenor-Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY SERVICES LLC<br>a/k/a/ AT&T MOBILITY LLC,<br><br>      Defendant. | Civil No. 1:18-cv-3730-WMR |

### **[PROPOSED] ORDER**

It is hereby ORDERED that the Motion to Intervene is denied.

SO ORDERED, this _____ day of _____.

_____
The Honorable William M. Ray, II,
United States District Judge