[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10572

_____

CYNTHIA ALLEN, et al.,

                                                               Plaintiffs,

AMANDA CURLEE,

                                    Intervenor Plaintiff-Appellant,

*versus*

AT&T MOBILITY SERVICES, LLC,
a.k.a. AT&T Mobility LLC,

                                              Defendant-Appellee,

AT&T SERVICES, INC.,

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 2 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 2 of 14

2                        Opinion of the Court                    23-10572

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-03730-WMR

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

    This is an appeal from a district court's decision to deny a motion for class certification that raises a question about finality under 28 U.S.C. § 1291. The original plaintiffs in this action, Cynthia Allen and Kristine Webb, alleged that their employer, AT&T Mobility Services, LLC, instituted policies that discriminated against pregnant employees. Allen and Webb moved for class certification, which the district court denied. After we denied a petition for interlocutory review under Federal Rule of Civil Procedure 23(f), Allen and Webb settled with AT&T and voluntarily dismissed their case. The next day, Amanda Curlee sought to intervene. She told the district court that she had claims against AT&T, that she would have been a member of Allen and Webb's class if it had been certified, and that she wanted to appeal the denial of class certification. The district court allowed her to intervene. Curlee immediately appealed.

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 3 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 3 of 14

23-10572               Opinion of the Court                3

We must determine whether Curlee has appealed from a "final decision[]" as required by 28 U.S.C. § 1291. A district court's decision is "final" when all issues and claims have been resolved. Because the district court has not even addressed, much less resolved, the merits of any plaintiff's discrimination claims, there is no final order. Accordingly, we are without jurisdiction and thus dismiss the appeal.

## I.

Cynthia Allen and Kristine Webb filed a class action complaint against their employer, AT&T Mobility Services, LLC, alleging pregnancy discrimination under Title VII. When they moved for class certification, the district court denied the motion. Allen and Webb asked us to immediately review that denial, which we declined to do. *See* Fed. R. Civ. P. 23(f). Instead of continuing to litigate their claims, Allen and Webb settled with AT&T. Those parties filed a joint stipulation of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

Amanda Curlee, who says she would have been a member of Allen and Webb's class, sought to intervene as a plaintiff so that she could keep the case alive and preserve the other unnamed class members' interests by appealing the district court's denial of class certification. As part of her motion to intervene, Curlee included a proposed complaint-in-intervention alleging Title VII pregnancy discrimination claims "on behalf of intervenor-plaintiff and the putative class." D.E. 163-1 at 27–29 (capitalization omitted). The district court allowed Curlee to intervene.

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 4 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 4 of 14

4                      Opinion of the Court                   23-10572

Immediately after the district court granted her motion to intervene, Curlee filed a notice of appeal challenging the denial of class certification. At no point in this litigation has the district court addressed whether AT&T's policies violated Title VII as to Allen, Webb, Curlee, or anyone else.

This sequence of events in the district court prompted us to ask the parties three jurisdictional questions: two about our jurisdiction and one about the district court's. First, is there a final judgment in this case, even though the district court has never ruled on the merits of any plaintiff's claim? *See Noble Prestige Ltd. v. Galle*, 83 F.4th 1366, 1374 (11th Cir. 2023). Second, was the stipulation of dismissal valid and effective, even though it was not signed by an earlier-dismissed defendant, AT&T Services, Inc? *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023). Third, assuming there is a final judgment for us to review, did the district court have jurisdiction to grant Curlee's motion to intervene, which Curlee filed after the stipulated dismissal? *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).

## II.

"[W]e must evaluate our appellate jurisdiction sua sponte even if the parties have not challenged it." *S.E.C. v. Carrillo*, 325 F.3d 1268, 1271 (11th Cir. 2003). We review our jurisdiction *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 5 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 5 of 14

23-10572              Opinion of the Court                       5

**III**.

We need answer only the first of the three jurisdictional questions that we raised with the parties. Finality for purposes of Section 1291 requires that the district court have resolved all claims by all parties to the action. *E.g.*, *Amerisure Ins. Co. v. Auchter Co.*, 94 F.4th 1307, 1311 (11th Cir. 2024). Because the district court has not resolved any of the claims in this action, there is not a final judgment, and we are without jurisdiction to hear Curlee's appeal.

It is well established that a potential member of a putative class can intervene in a putative class action if class certification is denied. Because the district court's denial of class certification usually restarts the running of the statute of limitations, putative class members most commonly seek to intervene while the case is still active so that they can press their individual claims before the limitations period expires. *See Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353–54 (1983); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1378 (11th Cir. 1998) (en banc). When a putative class member intervenes during the pendency of the original suit, an intervenor becomes a co-plaintiff alongside the original plaintiff who would have been the class representative. *See* 3 Newberg & Rubenstein on Class Actions § 9:64 (6th ed. & Nov. 2023). The case then proceeds to a resolution of all plaintiffs' claims just as if the intervenor had been an original plaintiff.

A less common form of intervention occurs after the original plaintiff has finished litigating her individual claims. Sometimes, the original plaintiff decides not to appeal the denial of class

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 6 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 6 of 14

6                        Opinion of the Court                    23-10572

certification. Perhaps the original plaintiff has won her individual claim. Or maybe she just isn't interested in spending money on an appeal. In such situations, a putative class member may try to intervene after a final judgment for the purpose of exercising the original plaintiff's right to appeal the class certification denial. *See Love v. Wal-Mart Stores, Inc.*, 865 F.3d 1322, 1326–28 (11th Cir. 2017) (Anderson, J., concurring specially). That is what Curlee purports to do here.

This unusual posture raises many jurisdictional and prudential questions. When an intervenor waits until well after the district court's denial of class certification to attempt to intervene, a district court must evaluate whether the intervention is timely. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977) (post-judgment intervention may be timely if filed before the original plaintiff's appeal deadline expired). Relatedly, when the original plaintiff has resolved its claims with a Rule 41 stipulation, a district court may need to assess its jurisdiction to reopen the already-closed case. *See Anago Franchising*, 677 F.3d at 1278 ("District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction."). And, after such an intervenor appeals, an appellate court may have questions as to whether the intervenor has Article III standing to contest the denial of a motion for class certification that the intervenor did not file. *Cf. U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980) (holding that class certification itself may provide "a personal stake . . . sufficient to assure Art. III values are

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 7 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 7 of 14

23-10572                Opinion of the Court                    7

not undermined."). We do not address any of these issues in this opinion.

Instead, the threshold issue here is more fundamental: is there even a final judgment for Curlee, the intervenor, to appeal? After a court of appeals declines Rule 23(f) review, the only way to secure appellate review of a class certification decision is to litigate the "claim on the merits to a final judgment[.]" *Microsoft Corp. v. Baker*, 582 U.S. 23, 26 (2017). Known as the "final judgment rule," 28 U.S.C. § 1291 requires a ruling by the district court that "'ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment.'" *Noble Prestige Ltd.*, 83 F.4th at 1374 (citation omitted). Without a final judgment, we lack jurisdiction to consider an appeal.

Curlee argues that Allen and Webb's stipulation voluntarily dismissing their claims against AT&T created a final judgment because it resolved all then-pending claims in the action. AT&T argues that, although the case may have been over at one point, it was reopened when Curlee intervened. We agree with AT&T. Like any other putative class representative without an existing final judgment, Curlee must litigate her claims on the merits before she can appeal the denial of class certification.

For starters, the district court has not ruled on the merits of anyone's claims. The only decision that the district court has made with respect to Curlee's claims is that she satisfied Rule 24's standards for intervening in the litigation and can, therefore, litigate her complaint-in-intervention against AT&T. That ruling was the first

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 8 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 8 of 14

8                    Opinion of the Court                 23-10572

step in adjudicating Curlee's claims, not the final one. When the district court granted Curlee's motion to intervene, she became a plaintiff in this action. Curlee's intervention in the case thus added a new party with new individual and class claims against AT&T. *See United States v. Jim*, 891 F.3d 1242, 1252–53 (11th Cir. 2018); Fed. R. Civ. P. 24(c) (requiring intervenor-plaintiffs to allege their own substantive claims); D.E. 163-1 (Curlee's complaint-in-intervention alleging discrimination). The district court has not ruled on those claims.

So, even if Curlee is correct that the stipulated dismissal between the original plaintiffs and AT&T resolved all *then-pending* claims in the litigation, that resolution was fleeting. As if to underscore this point, Curlee's counsel acknowledged during oral argument that she has pending individual claims in the district court that would need to be litigated no matter how we were to rule on class certification. *See* Oral Arg. Audio at 00:30–01:00 (agreeing that, "at the time Ms. Curlee took her appeal, [her] complaint was pending"). Because Curlee's claims against AT&T are entirely unresolved, this case is not anywhere close to final.

Curlee recognizes all this, but she argues that she can rely on a special kind of privileged appellate review that we purportedly afford to putative class action intervenors. Indeed, the only reason Curlee has chosen to intervene in this suit—instead of litigating her individual claims and pursuing class certification in a new lawsuit—is that she "wants to be able to avail herself of the [appellate] jurisdiction" purportedly created by the termination of Allen and

23-10572               Opinion of the Court                        9

Webb's lawsuit. *Id.* at 29:05–29:35. In her view, by intervening after Allen and Webb finished litigating their own claims, she has "come into the shoes of" Allen and Webb and can thus immediately appeal. *Id.* at 11:50–12:10; *see also id.* at 02:25–03:00 (stating that "absent class members can intervene for the purpose of taking [an appeal] in their stead").

We disagree. Generally speaking, Curlee may be correct that a class action intervenor steps into the shoes of the previous putative class representative, continuing the case from wherever the original class representative stopped. Perhaps, as Curlee says, when a district court has resolved the merits of the prior putative class representative's claims and denied that party's motion for class certification, there is an already-existing final judgment that an intervenor may appeal. After all, the Supreme Court has recognized that "an order denying class certification is subject to effective review *after final judgment* at the behest of the named plaintiff *or intervening class members*." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) (emphases added).

But none of that matters for this case. The threshold issue here is not whether Curlee may step into the shoes of Allen and Webb to exercise a right that they abandoned. The issue here is that *no one* has ever had the right to appeal. The district court never addressed the merits of anyone's claims. And it is black letter law that Allen and Webb's stipulation of dismissal did not result in an appealable final judgment. *See Microsoft*, 582 U.S. at 26. Instead of

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 10 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 10 of 14

10                    Opinion of the Court                    23-10572

exercising a right to appeal that Allen and Webb forwent, Curlee is trying to exercise a right to appeal that they never had.

Indeed, Curlee's own motion to intervene in the district court recognizes that she wants more than to pick up where Allen and Webb left off. In that motion, Curlee acknowledged that because we denied Allen and Webb's Rule 23(f) petition, they could not have appealed the class certification ruling without litigating to a final merits judgment. D.E. 163 at 2. Echoing *Microsoft v. Baker*, she further conceded that Allen and Webb's "settlement and voluntary dismissal of their individual claims . . . extinguished their ability to challenge the denial of class certification." *Id*. Yet Curlee inexplicably argues on appeal that by virtue of being an intervenor-plaintiff, she can do what the original plaintiffs could not: immediately appeal as of right without ever litigating the merits of her claims. Not so. "It is hornbook law that an intervenor 'is treated as . . . an original party.'" *Jim*, 891 F.3d at 1252–53 (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1920 (3d ed. 2007)). If Curlee wants to appeal a class certification denial, she must play by the same rules that apply to any other putative class representative.

For its part, AT&T says we should address our other jurisdictional questions in addition to our question about the existence of a final judgment. We disagree. Because we may address in any order any issues that determine our jurisdiction, we need not decide whether the stipulated dismissal between the named plaintiffs and AT&T was valid. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4

Case 1:18-cv-03730-WMR   Document 177   Filed 06/03/24   Page 11 of 16
USCA11 Case: 23-10572   Document: 56-1   Date Filed: 06/03/2024   Page: 11 of 14

23-10572                Opinion of the Court                     11

(2023). And we cannot skip directly to the question of the district court's jurisdiction without jurisdiction of our own. "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes." *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019) (cleaned up). The result is that "this Court must satisfy itself of its jurisdiction before we can address whether the district court had jurisdiction." *Id.* Because there is no final judgment for Curlee to appeal, we have no need to address the propriety of the original plaintiffs' Rule 41 dismissal and do not have jurisdiction to address whether the district court erred when it granted Curlee's motion to intervene.

Because there is no final judgment, we lack jurisdiction over Curlee's appeal. *See* 28 U.S.C. § 1291.

## IV.

Curlee's appeal is **DISMISSED** for lack of jurisdiction.

23-10572                Jordan, J., Concurring                 1

JORDAN, Circuit Judge, Concurring:

I agree that Ms. Curlee cannot take an immediate appeal of the district court's class certification order because there is no final judgment from which to appeal. Once intervention has been granted, the intervenor becomes a party and is entitled to litigate the merits of her claims. *See, e.g.*, *Ameren Servs. Co. v. F.E.R.C.*, 893 F.3d 786, 791 (D.C. Cir. 2018); 25 Fed. Proc., Lawyers Edition § 59:414 (Mar. 2024 update). As the court explains, the claims asserted in Ms. Curlee's complaint-in-intervention remain pending, and as a result she cannot take an appeal at this time. *See generally Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) ("Ordinarily . . . an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities than fewer than all the parties, is not a final judgment from which an appeal may be taken."). But I understand why Ms. Curlee proceeded the way she did given the current state of the law on post-judgment class action intervention appeals.

There are cases, from both the Supreme Court and some circuits, which intimate that an intervenor like Ms. Curlee would be entitled to intervene in a purported class action for the limited purpose of immediately appealing the denial of class certification entered against the former named plaintiffs. *See, e.g.*, *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–97 (1977); *U.S. Parole Comm. v. Geraghty*, 445 U.S. 388, 403–04 (1980); *Love v. Wal-Mart Stores, Inc.*, 865 F.3d 1322, 1326–28 & n.1 (11th Cir. 2017) (Anderson, J., concurring specially); *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317,

| 2 | Jordan, J., Concurring | 23-10572 |

1320–21 (9th Cir. 1997); *In re Brewer*, 863 F.3d 861, 868–71 (D.C. Cir. 2017).

In *McDonald*, for example, the Supreme Court dealt with a similar factual scenario: the named plaintiffs moved for class certification, which was denied, and the court of appeals declined to accept the interlocutory appeal of that certification order. *See* 432 U.S. at 389. The named plaintiffs and the defendant then entered into a mediated settlement agreement upon which the district court entered a final judgment of dismissal. *See id.* After learning of the final judgment, a putative class member moved to intervene for the purpose of appealing the district court's adverse class certification order. *See id.* at 390. The district court denied that motion, and the court of appeals reversed, holding both that the motion to intervene was timely *and* that the class should have been certified. *See id.* (emphasis added). Ultimately, the Supreme Court held that a putative class member may intervene, for the purpose of appealing the denial of class certification, after the named plaintiffs' claims have been resolved or satisfied and judgment entered. *See id.* at 393–94. This is precisely what Ms. Curlee sought to do here.

*McDonald*, however, did not deal with the jurisdictional issue of finality. Nor did any of the cited circuit court cases embracing *McDonald*. We typically do not imply jurisdictional holdings from cases which do not directly address the matter of jurisdiction, and those cases do not speak to the finality issue. *See, e.g.*, *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984) ("When questions of jurisdiction have been passed on in prior decisions *sub*

23-10572                Jordan, J., Concurring                3

*silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.") (cleaned up); *Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 475 F.3d 1228, 1231 (11th Cir. 2007) ("[I]t is well-established circuit law that we are not bound by a prior decision's *sub silentio* treatment of a jurisdictional question.") (internal quotation marks omitted).

  Neither of the parties have cited a case—binding or otherwise—where a court has dealt with the issue of jurisdictional finality with regards to an intervenor's post-judgment appeal of an earlier denial of a class certification order. Nor could I find a case on point. Indeed, a leading class action treatise generally discusses *McDonald* only in terms of mootness and states that "if the named plaintiffs voluntarily dismiss their claims after class certification is denied, absent class members may be permitted to intervene for the purpose of appealing the denial of class certification." 4 Newberg & Rubenstein on Class Actions § 14:9 (6th ed. & Nov. 2023 update) (citing *In re Brewer*, 863 F.3d at 868). *See also* 7 Newberg & Rubenstein on Class Actions §§ 23:12, 23:43 (6th ed. & Nov. 2023 update) (discussing *McDonald* and mootness).

  All of this is to say that the jurisprudential interplay between appellate jurisdiction and class action litigation can be murky, with a number of issues still to be resolved by either the Supreme Court or Congress. Ms. Curlee's procedural strategy to immediately appeal the district court's certification order—though premature—was understandable.

  With these thoughts, I join the court's opinion.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 03, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-10572-HH
Case Style: Amanda Curlee v. AT&T Mobility Services, LLC
District Court Docket No: 1:18-cv-03730-WMR

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion