IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA ALLEN, *individually and on behalf of other similarly situated,* and KRISTINE WEBB,<br><br>    Plaintiffs,<br><br>AMANDA CURLEE,<br><br>    Intervenor-Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY SERVICES, LLC *a/k/a* AT&T Mobility LLC,<br><br>    Defendant. | CIVIL ACTION<br>NO. 1:18-cv-03730-WMR |

## ORDER

Before the Court is Defendant AT&T Mobility Services, LLC's Motion to Dismiss Amanda Curlee's Complaint-in-Intervention. [Doc. 179]. Upon consideration of the motion, the Intervenor-Plaintiff's response thereto [Doc. 181], the applicable law, and all appropriate matters of record, the Court hereby **GRANTS** Defendant's motion for the reasons set forth below.

1

## I.  Background

The original plaintiffs in this case, Cynthia Allen and Kristine Webb, filed a class action complaint against Defendant AT&T Mobility Services, LCC, their former employer, alleging that it had discriminated against them and other pregnant sales associates with how it designed and implemented its attendance policies and the related discipline system.  Plaintiffs sought damages and an injunction against these practices, not just for themselves, but also for other pregnant workers who have allegedly suffered because of this system. [Doc. 1(initial Complaint); Doc. 21 (First Amended Complaint; Doc. 50 (Second Amended Complaint)].[1]

On March 21, 2022, this Court entered an Order denying Plaintiffs' motion for class certification, finding that individualized inquiries would have been necessary to determine whether AT&T's policies caused harm and/or damaged any potential plaintiff and that resolution of such claims on a class basis would have been impractical. [*See* Docs. 85 and 114 (motion); Doc. 134 (order)].

On January 23, 2023, the appearing parties filed a joint stipulation of voluntary dismissal with prejudice as to the named Plaintiffs' remaining individual

---

[1]  AT&T Services, Inc. was also named as a defendant in the initial Complaint and First Amended Complaint.  However, the parties filed a stipulation dismissing AT&T Services, Inc. from this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). [*See* Doc. 32].  As the proposed class was not certified and there was no settlement on behalf of the putative class, the provisions of Rule 23(e) do not apply to this dismissal.

claims in this case pursuant to Fed. R. Civ. P 41(a)(1)(A)(ii).[2] [*See* Doc. 162]. The following day, Amanda Curlee, who was a putative class member before class certification was denied, filed a motion for leave to intervene seeking to appeal this Court's Order denying Plaintiffs' motion for class certification.[3] [*See* Doc. 163]. This Court granted Curlee's motion to intervene for the purpose of allowing her to appeal that decision. [*See* Doc. 166].

Ultimately, the Eleventh Circuit dismissed Curlee's appeal for lack of jurisdiction. *See Allen v. AT&T Mobility Services, LLC*, 104 F.4th 212 (11th Cir. 2024). Specifically, the Eleventh Circuit held that it lacked jurisdiction because the original Plaintiffs had settled and voluntarily dismissed their remaining individual claims in the case and there was no "final judgment" from which to appeal as required by 28 U.S.C. § 1291. *Allen*, 104 F.4th at 216–18.

---

[2] This joint stipulation of dismissal complied with Rule 41(a)(1)(A)(ii) because it was signed by all parties who appeared in the case. Although AT&T Services, Inc. was originally named as a defendant in Plaintiffs' initial Complaint and First Amended Complaint, it did not appear but merely moved *solely* to contest personal jurisdiction and was voluntarily dismissed without ever filing an answer or becoming a party to the action. Therefore, the signature of AT&T Services, Inc. was not required on the stipulation dismissing all the remaining claims against AT&T Mobility Services, LLC. In any event, AT&T Services, Inc. and AT&T Mobility Services, LLC were represented by the same counsel, who signed both stipulations of dismissal in this case. [*See* Doc. 32; Doc. 162].

[3] Along with her motion to intervene, Curlee had attached as an exhibit a proposed "Complaint in Intervention" in which she asserts her own claims against Defendant and attempts to revive claims on behalf of the putative class. [*See* Doc. 163-1].

Defendant has now moved to dismiss Curlee's Complaint in Intervention, arguing that this Court did not have jurisdiction to reopen the case for Curlee after the original Plaintiffs filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii).[4] [Doc. 179].

## II.     Discussion

In ruling on Curlee's motion to intervene in this case, the Court relied primarily on *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) in concluding that it had jurisdiction to consider Curlee's motion to intervene. Indeed, the holding in *McDonald* stands for the principle that a district court has jurisdiction to effectuate the right of putative class members to intervene and appeal the denial of class certification after a final judgment has been entered on the individual claims of the named plaintiffs.  Generally speaking, a class action intervenor such as Curlee steps into the shoes of the previous putative class representatives, continuing the case from wherever the original class representative stopped. But here, the case was voluntarily dismissed by the original Plaintiffs before Curlee moved to intervene and, thus, there was no final judgment from which to appeal. As noted by the Eleventh Circuit in *Allen*, there is some question as to whether this Court retained

---

[4] Curlee does not challenge the effectiveness of the parties' stipulation of dismissal. [*See* Doc. 179-3 at 12; Doc. 181, generally].

jurisdiction to permit Curlee to intervene after the case was voluntarily dismissed (closed) without reaching a final "appealable" judgment.

It is well-settled that "[a] Rule 41(a)(1)(A) dismissal 'is self-executing and dismisses the case upon it becoming effective.'" *Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1278 (11th Cir. 2012). Further, "[d]istrict courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id.*; see also *First Classics, Inc. v. Jack Lake Prods.*, 674 F. App'x 911, 913 (11th Cir. 2017) (vacating district court's order entered after a Rule 41(a)(1) stipulation of dismissal, because the stipulation was "self-executing" and "effective upon filing and the district court was without jurisdiction to enter its subsequent order"); *Cont'l Cas. Co. v. HealthPrime, Inc.*, No. 07-cv-2512, 2015 WL 533246, at *1 (N.D. Ga. Feb. 9, 2015) (declining to exercise jurisdiction over motion to enter consent judgment following a stipulation of dismissal under Rule 41(a)(1)(A)(ii), because "[a] stipulation of dismissal dismisses the case and divests the court of jurisdiction") (citing *Anago*, 677 F.3d at 177).

The Court notes that the above cited cases do not address the jurisdictional effect of a voluntarily dismissal under Rule 41(a)(1)(A) in the context of a class-action case. However, at least one other district court has ruled that, following the filing of a stipulation of dismissal, it had no jurisdiction to consider a new plaintiff's

motion to intervene for the purposes of appealing the denial of class certification. *See Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-02252-CRB, 2016 WL 4269093, at *1 (N.D. Cal. Aug. 15, 2016) ("Because this action automatically terminated upon the filing of the Rule 41(a)(1)(A)(ii) notice, the Court lacks jurisdiction to adjudicate the Proposed Intervenors' Motion to Intervene," which was filed "for purposes of appealing the Court's denial of class certification").

It is axiomatic that intervention under Fed. R. Civ. P. 24 requires the existence of a pending "justiciable case [or controversy] into which an individual wants to intervene." *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989). But here, the Rule 41(a)(1)(A)(ii) stipulation of dismissal filed by the original Plaintiffs (Allen and Webb) and the Defendant (AT&T Mobility Services) disposed of all the claims that remained in the case and extinguished any rights that the original Plaintiffs may have had to appeal the denial of class certification. As there was no longer a justiciable case or controversy between the parties, this Court was divested of jurisdiction to consider any subsequent claims asserted by Curlee following the voluntary dismissal.

Based on the foregoing, the Court concludes that the joint stipulation of dismissal stripped this Court of any further jurisdiction over the case at the time it was filed. Therfore, Curlee's subsequent Complaint in Intervention should be dismissed.

**III.  Conclusion**

For the above reasons, IT IS HEREBY ORDERED that AT&T Mobility Services, LLC's Motion to Dismiss Amanda Curlee's Complaint-in-Intervention [Doc. 179] is **GRANTED**. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED,  this 10th day of October, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE